An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

JOHN SERPA, SR.,
Appellant,
vs.
CAROL S. AUSLEN, AS TRUSTEE OF
THE RICHARD & CAROL AUSLEN
FAMILY TRUST-CAROL AUSLEN
SHARE DATED SEPTEMBER 23, 1991;
BACKSTAGE EQUIPMENT, INC.
DEFINED BENEFIT PLAN; RICHARD
H. BAKER, M.D., A PROFESSIONAL
CORPORATION DEFINED BENEFIT
PLAN; BARNETT & ASSOCIATES
ACCOUNTANCY CORPORATION
PROFIT SHARING PLAN; COSIMO L.
CUTRI AND WENDY CUTRI; BOB
DASILVA & SHERRY DASILVA; LYDIA
GREIL; HANKS, INC. PROFIT
SHARING TRUST; ROBERT STEPHEN
HARDY AS TRUSTEE OF THE HARDY
COMMUNITY PROPERTY TRUST U/A
DATED FEBRUARY 1, 1999; KELLY
HOUSTON; THOMAS D. KOLPACOFF
SELF-EMPLOYED DEFINED BENEFIT
PENSION PLAN; STANLEY J. LEIKEN
M.D. INC. DEFINED PENSION PLAN;
NANCY MENGES AS TRUSTEE OF
THE NANCY MENGES REVOCABLE
LIVING TRUST U/A/T DATED APRIL
17, 2000; BRIAN W. NEFF
RETIREMENT PLAN; DAVID SCOTT
NOBLE AND JENNIFER MARIE
VALLIERE NOBLE; RGG
ENTERPRISES, LIMITED
PARTNERSHIP; PENSCO TRUST
COMPANY, INC. AS CUSTODIAN FOR

No. 58780

FILED

FEB 28 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

SUPREME COURT
OF
NEVADA

(O) 1947A

13-06316

THE BENEFIT OF MARY C. MILLER
IRA #MI1EA; RONALD D. SAGER,
M.D., INC., DEFINED PENSION PLAN;
SEA HAWK FISHING CORPORATION;
JAMES G. SILER AND SUSAN
BUTLER SILER AS CO-TRUSTEES OF
THE SILER-BUTLER FAMILY 1998
TRUST; CHARLES E. SIMMONS AND
JULIA W. SIMMONS AS CO-
TRUSTEES OF THE SIMMONS LIVING
TRUST DATED JUNE 30, 1988; SWOPE
MEDICAL GROUP, INC. PROFIT
SHARING 401K PLAN FOR THE
BENEFIT OF BRUCE E. SARKIN;
HERB TATE AS TRUSTEE OF THE
TATE 1999 TRUST AGREEMENT;
WARP FACTOR ONE PENSION PLAN;
DAVID E. BARNETT; SHANNON C.
LANE; PRO H20 PENSION PLAN; AND
PHYLLIS HOLLANDER DEFINED
BENEFIT PENSION PLAN,
Respondents.

## ORDER AFFIRMING IN PART AND REVERSING IN PART

This is an appeal from a district court judgment in a real property loan guarantee action. Second Judicial District Court, Washoe County; Connie J. Steinheimer, Judge.

Respondents filed a complaint seeking to recover the amount due on a promissory note guaranteed by appellant John Serpa.[1] Both parties stipulated to Serpa's obligation on the note, as well as the note's value with interest. Prior to a bench trial to determine the fair market value of the six properties secured by the note (the Properties),

_____

[1]As the parties are familiar with the facts, we do not recount them further except as necessary to our disposition.

respondents were granted a writ of attachment against a number of other properties that Serpa allegedly owned and that respondents claim he attempted to conceal through fraudulent transfers. Following a bench trial, the district court concluded that the fair market value of the Properties on the date of the foreclosure sale was $6 million.

On appeal, Serpa contends that (1) the district court's fair market value determination is not supported by substantial evidence, and (2) the district court erred in failing to withdraw the order granting the writ of attachment. We affirm the district court's determination of fair market value and reverse the district court's refusal to withdraw the writ of attachment.

Substantial evidence supports the district court's fair market valuation

We uphold a district court's findings of fact if supported by substantial evidence and will not set them aside unless clearly erroneous. Trident Construction v. West Electric, 105 Nev. 423, 426, 776 P.2d 1239, 1241 (1989). Substantial evidence is "that which a reasonable mind might accept as adequate to support a conclusion." State, Emp. Security v. Hilton Hotels, 102 Nev. 606, 608, 729 P.2d 497, 498 (1986) (citation omitted) (internal quotation omitted). In a bench trial, a district court must "find the facts specially and state separately its conclusions of law." NRCP 52(a).

To begin, Serpa cites Asphalt Products v. All Star Ready Mix, 111 Nev. 799, 898 P.2d 699 (1995), to support his contention that the district court failed to adequately explain its rationale for determining the fair market value of the Properties. We disagree.

In Asphalt, we addressed a district court's damages award where the district court did not provide an adequate explanation for how it arrived at the reasonable rental value in an unjust enrichment claim. 111

Supreme Court
OF
Nevada

(O) 1947A

3

Nev. at 802-03, 898 P.2d at 701-02 (1995). We reversed the district court's award, reasoning that the district court "provided no rationale for going against substantial evidence that the rental value should have been higher than the amount he awarded." Id. at 803, 898 P.2d at 702 (emphasis added). Accordingly, Asphalt's heightened explanation requirement only applies where the district court's conclusion goes against substantial evidence. Otherwise, this court has interpreted NRCP 52(a) as simply requiring the district court to make specific findings that indicate the factual basis for the district court's ultimate conclusion. See Robison v. Robison, 100 Nev. 668, 673, 691 P.2d 451, 455 (1984).

Here, the district court's judgment lays out the relevant facts necessary to its conclusions of law and explains the legal standards which it applied in reaching those conclusions. Specifically, the district court stated:

> Upon review of the credible evidence before it, including consideration of the appraisals . . . of the unimproved land value of the six parcels and upon consideration of the testimony by Mr. Hardy, the current owner[,] that on January 5, 2011, he authorized a bid of $6,000,000, the Court finds that the fair market value of the Properties on January 5, 2011[,] was $6,000,000.

It is apparent from this passage what evidence the district court relied upon in reaching its conclusion. Thus, substantial evidence supports the district court's conclusion on the fair market value of the Properties.

Alternatively, Serpa argues that the landowner's bid cannot constitute substantial evidence of the land's value. Again, we disagree. The court-appointed appraiser assessed the individual parcel value of the Properties to be $5,660,000, and Serpa's appraiser valued the land, minus improvements, between $5,147,250 and $6,176,700. The findings of fact

show that Hardy's testimony alone was not dispositive in reaching the $6 million figure, but merely one factor considered in reaching that value. Thus, because the $6 million figure falls within the range of prices set forth by the appraisers, substantial evidence supports the district court's fair market valuation. See Halfon v. Title Ins. & Trust Co., 97 Nev. 421, 423-24, 634 P.2d 660, 661 (1981) (holding that an expert's fair market valuation and the later sale price of the property constituted substantial evidence of the property's fair market value).[2]

Thus, the district court's conclusion is supported by substantial evidence.

---

[2]Serpa makes two alternative arguments that we also reject. First, Serpa argues that the district court erred in admitting testimony from Hardy on the value of the Properties. We disagree, as Hardy owned the beneficial interest in the deed of trust prior to purchasing the land at the foreclosure sale. In City of Elko v. Zillich, this court held that a property owner is presumed to have special knowledge of the property and may testify to its value. 100 Nev. 366, 371, 683 P.2d 5, 8 (1984). Questions about the competency of the landowner's testimony go to its weight, not admissibility. Id.

Second, Serpa argues that the district court ignored evidence of the highest and best use of the Properties in determining their fair market value. The land's highest and best use is "but one factor to be considered in ascertaining the property's fair market value." Tahoe Highlander v. Westside Fed. Sav., 95 Nev. 8, 11, 588 P.2d 1022, 1024 (1979). At trial, both appraisers testified that the highest and best use would be proceeding with the Chateau project, but there was competing testimony regarding whether this use was viable. The original developer had gone bankrupt (prompting the foreclosures underlying this action), and the individual parcel owners had not agreed to sell the parcels as a whole. Consequently, evidence in the record supports the district court's conclusion that the unimproved value of the Properties sold as individual parcels represented the fair market value.

## The district court erred in refusing to dissolve the pre-judgment writ of attachment

Serpa argues that the district court erred in refusing to dissolve a pre-judgment writ of attachment against a number of properties in Carson City, Nevada.[3] We agree.

NRS 31.200(1) allows the defendant to seek the discharge of a writ of attachment. The district court shall dissolve the writ if improperly or improvidently issued. NRS 31.200(1)(a), (2). We review the district court's factual determination of whether a writ of attachment was properly granted for abuse of discretion and only uphold the district court's findings if supported by substantial evidence. See Charmicor, Inc. v. Bradshaw Finance Co., 92 Nev. 310, 313, 550 P.2d 413, 415 (1976) (reviewing the underlying factual basis for a district court order denying appointment of a receiver under NRS 31.010 for abuse of discretion). Upon a motion to dissolve a writ of attachment where the defendant raises an issue of fact regarding the underlying legal basis for the writ, we have held that the burden shifts to the plaintiff to prove that the writ is properly supported. Kuehn v. Paroni, 20 Nev. 203, 207, 19 P. 273, 274 (1888).

In the present case, Serpa's motion to dissolve the writ of attachment asserted that the Carson City properties which respondents

---

[3]As a threshold matter, respondents argue that the district court's minute order refusing to dissolve the writ of attachment does not constitute a final, appealable pre-judgment order under NRAP 3A(b)(5). Since the district court's minute order does not deal with the "procedural posture or merits," it is subject to interlocutory appeal under NRAP 3A(b)(5). State, Div. Child & Fam. Servs. v. Dist. Ct., 120 Nev. 445, 454, 92 P.3d 1239, 1245 (2004).

claim he fraudulently transferred were actually owned by his son, who shares the same name. Thus, Serpa's motion appears to have raised a question of whether he sought to fraudulently transfer the attached property. Although respondents' opposition to Serpa's motion attacks the evidence Serpa proffered, respondents have not met their burden of proving that Serpa owned the properties. Even on appeal, respondents do not challenge the factual basis of Serpa's argument.

Therefore, given respondents' failure to prove that Serpa owned the Carson City properties following Serpa's motion to dissolve the writ of attachment, the district court's refusal to dissolve the writ is not supported by substantial evidence.[4] Accordingly, we

ORDER the judgment of the district court AFFIRMED IN PART AND REVERSED IN PART.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

_____

[4]Serpa challenges the original issuance of the writ as well. However, given that Serpa did not raise the issue of ownership until after the writ was granted, the original writ of attachment was proper. NRS 31.017(5), 31.020.

cc: Hon. Connie J. Steinheimer, District Judge
David Wasick, Settlement Judge
Lemons, Grundy & Eisenberg
Saied Kashani
Allison, MacKenzie, Pavlakis, Wright & Fagan, Ltd.
Washoe District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A